UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEX T. LIPTAK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 17 CV 5308 ) |
| HYDROCHEM. LLC., | ) ) Jury Demand |
| Defendant. | ) |

## AS AND FOR A FIRST COUNT OF ACTION
### (Title VII RELIGIOUS DISCRIMINATION-HOSTILE ENVIRONMENT)
### Nature of the Action

1.  **ALEX T. LIPMAN**, ("**LIPTAK**") brings this action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1991, 42 U.S.C.A. §§ 2000e et seq., ("ACT"), venue jurisdiction under 28 U.S.C.A. § 1343 (4) and 42 U.S.C.A. § 2000e-5(f), for **HYDROCHEM. LLC.,** ("HYDROCHEM") having subjected LIPTAK to discrimination and retaliation.

**PARTIES**

2.  LIPTAK, is an adult of religious decent and a resident of Will County, State of Illinois.

3. LIPTAK was an employee of HYDROCHEM working as an Equipment Technician from August of 2015 until LIPTAK was terminated due to the hostile environment on September 16, 2016.
.

4.  At all times relevant, HYDROCHEM is a Delaware Corporation and is doing business in Illinois.

5. HYDROCHEM is an employer within the meaning of the Civil Rights Act and 42 U.S.C. 2000(e) *et seq*., and has been at all times material to the allegations herein.

**FACTUAL BASIS**

6. While employed at HYDROCHEM, LIPTAK meet the work expectations of his employer by receiving average evaluations.

7. During LIPTAK's employment, LIPTAK requested that HYDROCHEM abide by the "One Day in Seven Act" of Illinois Revised Statutes.

8. LIPTAK's complaints in the work place about his being denied of his statutory right to be off one day a week, employees of HYDROCHEM ignored his requests, which unreasonably interfered with the terms and conditions of LIPTAK's employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by inter alia the Civil Rights Act of 1991.

9. Defendant by its action or lack of actions of its agents caused and created a hostile work environment which unreasonably interfered with LIPTAK terms and conditions of employment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(e) et seq; as amended by inter alia the Civil Rights Act of 1991

10**.** By reason of the religious discrimination and allowance of a hostile environment by the Defendant, LIPTAK has suffered loss of benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

11. Further, said action and lack of action on the part of the Defendant was done with malice and reckless disregard for LIPTAK's protected rights.

12. Plaintiff filed a discrimination charge against Defendant with the Equal Employment Opportunity Commission (EEOC). That charge was timely filed by LIPTAK against

HYDROCHEM. (See Exhibit "A")

13. On April 18, 2017, Plaintiff was sent a notice from the HYDROCHEM of his right to bring this action (see Exhibit "B"), and Plaintiff timely filed this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Title VII-RETALIATION)

14. LIPTAK realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

15. HYDROCHEM's agents have intentionally retaliated against LIPTAK, based upon filing his prior complaints of accommodations under the "One Day in Seven Act" of Illinois Revised Statutes. Thereafter, HYDROCHEM's agents created a hostile, retaliatory and offensive work, hostile and retaliatory environment by treating him differently than other employees and then terminating his employment in September 16, 2016. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-e et seq, as amended by, inter alia the Civil Rights Act of 1991.

16. By reason of this retaliation by HYDROCHEM's, LIPTAK has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

17. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiffs' protected rights.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make the Plaintiff whole, including:

    1. Reinstatement or, alternatively, front pay;

3

2. Damages, including loss of pay and benefits;

3. Punitive damages due to the defendant's willful conduct;

4. Attorneys' fees and costs incurred in this action

5. Such other relief as is just and equitable.

6. The plaintiff requests a jury trial of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
## COMPLAINT FOR RETALIATORY DISCHARGE
### (Pendent Jurisdiction)

### I.   Preliminary Statement

1.   This is an action for damages against the HYDROCHEM for Retaliatory Discharge.

### II.   Venue

2. Venue is proper as all acts alleged in this complaint occurred within the Northern District of Illinois and because HYDROCHEM transacts affairs in this district and the ends of justice require it.

### lII.   Factual Allegations of  LIPTAK for Retaliatory Discharge

3.   From August of 2015 until September of 2016, Plaintiff was employed by HYDROCHEM as a Equipment Technician.

4.    LIPTAK complained that HYDROCHEM was jot abiding by the "One Day in Rest Act" of Illinois Revised Statutes 140/1-9, and then received excessive discipline and harsh treatment from agents of HYDOCHEM.

5.    On September 16, 2016, LIPTAK was terminated from his employment with HYDROCHEM, which termination was a direct result of his requests under the "One Day in Seven Act" of Illinois Revised Statutes and despite the fact that he had been

4

fully performing his job functions since August of 2015.

6. The termination occurred in retaliation for Plaintiff's rights under the "One Day in Rest Act" of Illinois Revised Statutes 140/1-9.

7. As a result of Plaintiff's termination from employment by HYDROCHEM, Plaintiff has suffered loss of earnings and benefits.

WHEREFORE, the Plaintiff, prays for judgment in his favor and against HYDROCHEM in the sum in excess of $75,000, for lost wages, attorney fees, and for punitive damages and to be returned to full time employment with HYDROCHEM.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays that the court order such relief as is necessary to make the plaintiff whole, including:

1. Reinstatement or, alternatively, front pay;

2. Damages, including loss of pay and benefits;

3. Statutory liquidated damages due to the defendant's willful conduct;

4. Attorneys' fees and costs incurred in this action

5. Such other relief as is just and equitable.

6. The plaintiff requests a jury trial of this action.

ALEX T. LIPTAK

BY:**/S/ Michael T. Smith**
Michael T. Smith

Michael T. Smith #6180407IL
10 N. Martingale Road
Suite 400
Schaumburg, Illinois 60173
(847) 466-1099